**UNITED STATES, Appellee,**

v.

**Francisco J. PARRA–IBANEZ, Defendant, Appellant.**

**No. 90–1768.**

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1991.

Decided Dec. 12, 1991.

Rafael F. Castro Lang, San Juan, P.R., for appellant.

Daniel F. Lopez–Romo, U.S. Atty., and Rosa Emilia Rodriguez Velez, Asst. U.S. Atty., San Juan, P.R., for appellee.

Before CAMPBELL and SELYA, Circuit Judges, and POLLAK,* Senior District Judge.

PER CURIAM.

On June 19, 1991, we issued an opinion holding, *inter alia,* that the district court should have conducted a further inquiry

---

\* Of the Eastern District of Pennsylvania, sitting by designation.

pursuant to Fed.R.Crim.P. 11 as to the effects of certain medication on the defendant's ability to offer a knowing and voluntary guilty plea. *United States v. Parra-Ibanez*, 936 F.2d 588 (1st Cir.1991). At that time, we remanded to the district court for the taking of evidence to enable us to ascertain whether the error in truncating the Rule 11 inquiry was harmless. *See id.* at 596–98. In the interim, we retained appellate jurisdiction. *Id.* at 598.

The district court thereupon conducted the necessary evidentiary hearing with scrupulous attention to the defendant's rights. In a well-considered *ore tenus* statement, the court set forth its findings, recommended that the judgment of conviction be set aside, and also recommended that the defendant be allowed to withdraw his guilty plea. On October 11, 1991, after receiving the district court's statement, we issued an order asking the government to show cause why the defendant's conviction should not be vacated and the case remanded for further proceedings as suggested by the sentencing judge.

We have reviewed the government's response to the show-cause order and conclude that it is insufficient to withstand either the force of the district court's supportable findings or the cogency of the court's recommended course of action. Hence, we conclude that the error in the Rule 11 proceedings was not harmless. Consequently, we sustain the appeal, vacate the judgment of conviction, and remand for further proceedings as envisioned in the district court's statement.

*Vacated and remanded.*